No. 22-3464

In the United States Court of Appeals
for the Eighth Circuit

ANIMAL LEGAL DEFENSE FUND, *et al.*,

Plaintiffs/Appellees,

vs.

KIMBERLY K. REYNOLDS, in her official capacity as Governor of
Iowa, *et al.*,

Defendants/Appellants.

Appeal from the United States District Court
For Southern District of Iowa
Stephanie M. Rose, District Judge
No. 4:21-cv-00231-SMR-HCA

**APPELLANTS' REPLY BRIEF**

BRENNA BIRD
Attorney General of Iowa

ERIC WESSAN
Solicitor General

JACOB J. LARSON
Assistant Attorney General
1305 E. Walnut Street
Des Moines, Iowa 50319
(515) 281-5164
(515) 281-4209 (fax)
jacob.larson@ag.iowa.gov

ATTORNEYS FOR DEFENDANTS/APPELLANTS

# TABLE OF CONTENTS

**Page No.**

TABLE OF AUTHORITIES......................................................................iii

INTRODUCTION........................................................................................1

ARGUMENT ..............................................................................................2

   I.    IOWA SECTION 727.8A DOES NOT RESTRICT
       SPEECH PROTECTED BY THE FIRST AMENDMENT..........2
       A. Committing a trespass and subsequently recording is
          not protected under the First Amendment............................2
       B. Even if the First Amendment protects recording while
          trespassing, such protections are not limited......................10

   II.   IOWA CODE SECTION 727.8A SATISFIES
       INTERMEDIATE SCRUTINY ..................................................14

   III.   IOWA CODE SECTION 727.8A IS NOT OVERBROAD..........18
       A. Iowa Code section 727.8A does not restrict protected
          speech under the First Amendment ....................................19
       B. Even if Iowa Code section 727.8A criminalizes some
          protected speech, the statute does not proscribe a
          substantial amount of protected speech in relation to
          its plainly legitimate sweep ................................................20

   IV.   EVEN IF THIS COURT CONCLUDES IOWA CODE
       SECTION 727.8A RESTRICTS PROTECTED SPEECH
       IN VIOLATION OF THE FIRST AMENDMENT, THIS
       COURT SHOULD LIMIT ANY RELIEF AWARDED AND
       REMAND TO DETERMINE THE APPROPRIATE
       SCOPE ......................................................................................25

V.     PLAINTIFFS LACK STANDING AND THEIR AS-
APPLIED CONSTITUTIONAL CLAIMS ARE NOT RIPE......27

     A. Plaintiffs cannot satisfy the redressability element for
standing....................................................................................27

     B. This Court's ripeness conclusion in *Vaught* is
distinguishable ................................................................. 29

CONCLUSION .......................................................................... 32

CERTIFICATE OF COMPLIANCE......................................... 33

CERTIFICATE OF SERVICE.................................................. 34

CERTIFICATE OF MAILING ................................................. 34

Appellate Case: 22-3464    Page: 3    Date Filed: 05/03/2023 Entry ID: 5272503

# TABLE OF AUTHORITIES

**Page No.**

## Cases

*Advantage Media, L.L.C. v. City of Eden Prairie*, 456 F.3d 793, 801–02 (8th Cir. 2006)........................................................................27

*Animal Legal Def. Fund v. Kelly*, 9 F.4th 1219 (10th Cir. 2021) ..... 10, 18

*Animal Legal Def. Fund v. Wasden*, 878 F.3d 1184 (9th Cir. 2018) ......24

*Animal Legal Defense Fund v. Herbert*, 263 F.Supp.3d 1193 (D. Utah 2017)......................................................................................5, 6

*Animal Legal Defense Fund v. Reynolds,* 8 F.4th 781 (8th Cir. 2021) ................................................................................ 10, 11, 26, 28

*Animal Legal Defense Fund v. Vaught*, 8 F.4th 714 (8th Cir. 2021) ...............................................................................29, 30

*Arkansas Times LP v. Waldrip*, 37 F.4th 1386 (8th Cir. 2022), *cert. denied*, 22-379, 2023 WL 2123748 (U.S. Feb. 21, 2023).....................25

*Baribeau v. City of Minneapolis*, 596 F.3d 465 (8th Cir. 2010).............25

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................31

*Branzburg v. Hayes*, 408 U.S. 665 (1972) .............................................23

*Broadrick v. Oklahoma*, 413 U.S. 601 (1973) ........................................19

*Desnick v. Am. Broad. Cos., Inc.*, 44 F.3d 1345 (7th Cir. 1995) ..............6

*Doe v. City of Minneapolis*, 898 F.2d 612 (8th Cir. 1990)................15, 16

*FEC v. Massachusetts Citizens for Life, Inc.*, 479 U.S. 238 (1986).........29

Appellate Case: 22-3464     Page: 4     Date Filed: 05/03/2023 Entry ID: 5272503

*Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 194 F.3d 505, 517 (4th Cir. 1999) ................................................................................... 6

*Golb v. Attorney Gen. of the State of New York*, 870 F.3d 89, 102 (2d Cir. 2017) ........................................................................... 23

*Goodwin v. United States*, 869 F.3d 636 (8th Cir. 2017) ...................... 7, 9

*Harp Advert. Illinois, Inc. v. Village of Chicago Ridge, Illinois*, 9 F.3d 1290 (7th Cir. 1993) .................................................................. 27

*Houchins v. KQED, Inc.*, 438 U.S. 1 (1978) ........................................... 12

*Hudgens v. NLRB*, 424 U.S. 507 (1976) ................................................. 11

*Johnson v. McCarver*, 942 F.3d 405 414 (8th Cir. 2019) ........................ 13

*Johnson v. Quattlebaum*, 664 F. App'x 290 (4th Cir. 2016) ................... 20

*Josephine Havlak Photographer, Inc. v. Vill. of Twin Oaks*, 864 F.3d 905, 912 (8th Cir. 2017) ........................................................ 21, 23

*Lloyd Corp. v. Tanner*, 407 U.S. 551 (1972) .......................................... 11

*Loftness Specialized Farm Equipment, Inc., v. Twiestmeyer*, 742 F.3d 845 (8th Cir. 2014) ..................................................................... 19

*McMahon v. City of Dubuque, Iowa*, 255 F.2d 154 (8th Cir. 1958) .......... 8

*Minnesota Citizens Concerned for Life v. Federal Election Comm'n*, 113 F.3d 129 (8th Cir. 1997) ........................................................ 28, 29

*New York State Club Assn., Inc. v. City of New York*, 487 U.S. 1 (1988) .............................................................................................. 19

*New York v. Ferber*, 458 U.S. 747 (1982) .............................................. 19

*Packingham v. North Carolina*, 582 U.S. 98 (2017) ............................... 10

iv

*People for the Ethical Treatment of Animals, Inc. v. N. Carolina Farm Bureau Fed'n, Inc.*, 60 F.4th 815 (4th Cir. 2023)................ passim

*Phelps-Roper v. Ricketts*, 867 F.3d 883 (8th Cir. 2017) ............................. 8

*Poemoceah v. Morton Cnty.*, 2020 WL 8363156, at *10 (D. N.D. Dec. 29, 2020) ...................................................................................... 12

*Project Veritas Action Fund v. Rollins*, 982 F.3d 813 (1st Cir. 2020) .... 22

*Reed v. Cedar Cnty.*, 2007 WL 509186, at *4 (N.D. Iowa Feb. 12, 2007) ........................................................................................................ 8

*Rice v. Kempker*, 374 F.3d 675 (8th Cir. 2004) ...................................... 12

*Robbins v. City of Des Moines*, 984 F.3d 673 (8th Cir. 2021) ................. 13

*S. Pacific Transp. Co. v. City of Los Angeles*, 922 F.2d 498 (9th Cir. 1990) ........................................................................................................ 31

*Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582 (3rd Cir. 1998) ................................................................................... 31

*State v. Philpott*, 702 N.W.2d 500 (Iowa 2005)........................................ 8

*Traditionalist Am. Knights of the Klu Klux Klan v. City of Desloge, Mo.*, 775 F.3d 969 (8th Cir. 2014) ......................................................... 16

*United States v. Alvarez*, 567 U.S. 709 (2012) ......................................... 6

*United States v. Brune*, 767 F.3d 1009 (10th Circ. 2014)........................ 22

*United States v. Crow Dog*, 532 F.2d 1182 (8th Cir. 1976) ...................... 7

*United States v. DeLeon*, 330 F.3d 1033 (8th Cir. 2003) .......................... 8

*United States v. Dinwiddie*, 76 F.3d 913 (8th Cir. 1996) ........... 15, 19, 22

v

*United States v. Hart*, 212 F.3d 1067 (8th Cir. 2000) ............................ 15

*United States v. O'Brien*, 391 U.S. 367 (1967) ........................................ 15

*United States v. Simpson*, 741 F.3d 539 (5th Cir. 2014) ........................ 20

*United States v. Stevens*, 559 U.S. 460 (2010) ........................................ 21

*United States v. Williams*, 553 U.S. 285 (2008) ...................................... 19

*Western Watersheds Project v. Michael*, 869 F.3d 1189 (10th Cir. 2017) ........................................................................................................ 10

**Statutes**

Iowa Code § 321.276 ...................................................................................... 4

Iowa Code § 709.21 ...................................................................................... 14

Iowa Code § 716.7(2) .................................................................................. 21

Iowa Code § 716.7 ............................................................................... passim

Iowa Code § 727.8A .............................................................................. passim

**Other Authorities**

3 William Blackstone, Commentaries *209 ............................................ 28

House File 775 (April 6, 2021) ................................................................ 17

**Rules**

Federal Rule of Appellate Procedure 32(a)(5) ...................................... 33

Federal Rule of Appellate Procedure 32(a)(6) ...................................... 33

Federal Rule of Appellate Procedure 32(a)(7)(B) .................................. 33

Appellate Case: 22-3464     Page: 7     Date Filed: 05/03/2023 Entry ID: 5272503

## **INTRODUCTION**

Iowa Code section 727.8A takes criminal trespass—a crime with common-law roots that predate both Iowa and the United States—and adds to it another element to create the new crime of electronic surveillance trespass. Plaintiffs contend that new element, knowingly using a surveillance device, causes the statute to violate the First Amendment.

But Plaintiffs fail to meet their heavy burden to show that Iowa Code section 727.8A regulates speech protected by the First Amendment. Indeed, they deny that setting aside a duly enacted statute requires meeting a heavy burden so long as they plausibly allege it chills speech. Moreover, even if section 727.8A implicates the First Amendment, Plaintiffs fail to show that the statute cannot survive intermediate scrutiny.

So too do Plaintiffs' overbreadth claims fail. Section 727.8A has a legitimate sweep and does not burden substantial amounts of First Amendment-protected speech. Thus, Plaintiffs' facial challenge cannot succeed.

Before the merits' infirmities, this Court should not reach Plaintiffs' constitutional arguments because Plaintiffs lack standing. Nor should the Court reach Plaintiffs' as-applied claims as they are not yet ripe. But if this Court determines that recording while committing a criminal trespass restricts speech protected by the First Amendment in this appeal, the Court should limit any relief to Plaintiffs and remand to determine the appropriate limits of such relief.[1]

## ARGUMENT

## I. IOWA CODE SECTION 727.8A DOES NOT RESTRICT SPEECH PROTECTED BY THE FIRST AMENDMENT.

### A. Committing a trespass and subsequently recording is not protected speech under the First Amendment.

Videorecording while committing a trespass is not First Amendment-protected activity. Plaintiffs' argument to the contrary rests on a flawed foundation—as there is not a constitutionally protected right

---

[1] Plaintiffs contend that they are unsure of the exact relief Defendants seek. Pltfs.' Br. 2, n.1. Defendants seek an order reversing the District Court's denial of Defendants' Motion to Dismiss and remanding for the District Court to dismiss Plaintiffs' Complaint in its entirety. Or, alternatively, Defendants seek vacatur and remand to the District Court to determine the appropriate scope of injunctive relief if this Court determines Iowa Code section 727.8A restricts speech protected by the First Amendment.

2

to "non-violent civil disobedience." *See* Pltfs.' Br. 9. Plaintiffs concede that "dozens of its members and staff have been charged under Iowa's generic trespass law, § 716.7." *Id.* And so, Plaintiffs contend that additional penalties under section 727.8A will deter them from committing further criminal acts. *Id.* at 10. At heart, Plaintiffs argue that the First Amendment protects their right to engage in civil disobedience—or at the very least to pick how the State punishes them if they engage in civilly disobedient lawbreaking. *Id.* at 9–10, 20, 43.[2] But the very heart of civil disobedience is engaging in lawbreaking to highlight important societal factors, or even to advocate for the democratic repeal of purportedly unjust laws. Immunity from punishment has never been a component of

---

[2] Plaintiffs argue that if "Iowa's trespass law is not a meaningful deterrent, the obvious way to address that concern is to increase the penalties for trespass[.]" Pltfs.' Br. 43. Indeed, they contend that the State's argument is "self-defeating." Yet if Plaintiffs contend that increased penalties are all that stand between them and engaging in the law-breaking that constitutes their civil disobedience, then it would seem increased penalties for generic criminal trespass could have the same purported chilling affect on their speech. If Plaintiffs seek to engage in criminal trespass and wish to only suffer minor consequences for that law breaking, it is unclear why an increase in punishment to the generic trespass statute would also prevent such deterrence.

such civil disobedience. And committing crimes, even for causes that one believes are just, does not come with an option to pick your punishment.

Plaintiffs mistakenly assert that the First Amendment protects videorecording during or after the commission of a crime. Indeed, one of their primary focuses is on whether videorecording constitutes "speech" for purposes of the First Amendment, and another is to whether the First Amendment applies on private property. *See* Pltfs.' Br. 29–33. They contend that the First Amendment applies to any criminal statute, if one element of which targets speech. Pltfs.' Br. 29–34.

Despite Plaintiffs' strong rhetoric contending that section 727.8A is unconstitutional, there are many laws that attach a criminal penalty to speech. Indeed, contrary to the conceptual derision aimed by Plaintiffs, some State laws prohibit speech that would otherwise be protected for safety reasons. *Compare* Pltfs.' Br. 51 (contending that special penalties for speaking while jaywalking would be prima facie overbroad even if it "increases the risk of traffic accidents") *with* Iowa Code § 321.276 (prohibiting writing or sending an electronic message while driving). Even if section 727.8A prohibits speech, rather than conduct, it breaks no new ground.

4

Plaintiffs identify no binding case law for the proposition that the First Amendment protects speech on private property that occurs after commission of a crime. Their best support is found in *Animal Legal Defense Fund v. Herbert*, where a court invalidated a law that prohibited recording "of an agricultural operation" while committing a trespass. 263 F.Supp.3d 1193, 1211 (D. Utah 2017). But *Herbert*'s reasoning relies on an analysis that would find Plaintiffs' speech here categorically "immune from First Amendment scrutiny." *Id.* at 1203. Unlike the law at issue in *Herbert*, lying to obtain admission to a facility is not a part of the statute at issue. *Id.* at 1202.

*Herbert* explained that uncertainty as to whether a person charged under the Utah law (prohibiting misrepresentations rather than trespass) must have committed a trespass was integral to its analysis—and the lack of certainty that a violator committed trespass the reason for First Amendment scrutiny. *Id.* at 1202–03. That opinion, harmonizing holdings from the Fourth and Seventh Circuits, explained that a law "is immune from First Amendment scrutiny under the State's trespass theory only if those who gain access to an agricultural operation under false pretenses subsequently cause trespass-type harm." *Id.* at 1203

5

(citing *Desnick v. Am. Broad. Cos., Inc.*, 44 F.3d 1345, 1352 (7th Cir. 1995) and *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 194 F.3d 505, 517 (4th Cir. 1999)). *Herbert* found that if it were guaranteed that a violator would have committed a "trespass-related harm" the Utah law would not be subject to First Amendment scrutiny. *Id.* at 1205.

*Herbert* is also helpful for its analysis of analogies Plaintiffs try to raise to undermine section 727.8A. First, *Herbert* analyzed *United States v. Alvarez*, which held that even some speech that causes "'legally cognizable harm' do[es] fall outside of First Amendment protection." *Id.* (quoting *United States v. Alvarez*, 567 U.S. 709, 719 (2012) (plurality op.)). Understanding that not all speech is inherently protected by the First Amendment illustrates that even if the recording while trespassing at issue is speech, it does not necessarily fall within the First Amendment's ambit. *Herbert* also appropriately noted that "the First Amendment is typically not a defense to generally-applicable tort laws" like trespass. *Id.* at 1208. Importantly, the Court's frame of reference in *Herbert* failed to consider *criminal* trespass—perhaps unsurprisingly given that, unlike in section 727.8A, it was not an element of the Utah law.

6

Plaintiffs' reliance on *People for the Ethical Treatment of Animals, Inc. v. N. Carolina Farm Bureau Fed'n, Inc.*, 60 F.4th 815 (4th Cir. 2023) ("*PETA*")—a case that denied the facial relief Plaintiffs seek here—is similarly unavailing. First, Plaintiffs rely on *PETA* to contend that when any element of a given crime regulates expressive conduct, that requires First Amendment scrutiny for the whole statute. Pltfs.' Br. 35–36. Yet Plaintiffs cited no case in which one of the underlying elements was already a separate crime. *Id.*; *see also id.* at 37 (collecting cases); *cf. United States v. Crow Dog*, 532 F.2d 1182, 1195 (8th Cir. 1976) ("It is our view, however, that appellant Crow Dog's act of speech loses its First Amendment protection when coupled with criminal activity."); *see also Goodwin v. United States*, 869 F.3d 636, 639 (8th Cir. 2017) ("Specific criminal acts are not protected speech even if speech is the means for their commission.") (citation and quotation omitted).

Moreover, Plaintiffs errantly contend that in the First Amendment context the presumptions of valid-enactment and constitutionality fall by the wayside. Pltfs.' Br. at 36 (quoting *PETA*, 60 F.4th at 824). Indeed, this Court has held in a First Amendment case that "[c]ourts will interpret statutes to avoid constitutional issues." *Phelps-Roper v.*

7

*Ricketts*, 867 F.3d 883, 898 (8th Cir. 2017) (quotation omitted); *see also United States v. DeLeon*, 330 F.3d 1033, 1035–36 (8th Cir. 2003) ("It is a 'cardinal principle' that courts shall construe statutes to avoid constitutional difficulties.") (citation omitted); *McMahon v. City of Dubuque, Iowa*, 255 F.2d 154, 160 (8th Cir. 1958) ("The law is well settled that when constitutional questions are raised all reasonable intendments must be indulged in favor of the validity of the enactments.").

The Fourth Circuit in *PETA* declined to impose the categorical rule Plaintiffs call for here. Indeed, *PETA* did not address whether the First Amendment protects speech on private property during or after the commission of a crime. 60 F.4th at 821 (identifying the elements of the civil statute). In *PETA*, the court explained the First Amendment can protect speech on private property, even in nonpublic areas, including videorecording, but refused to hold that all "recording is protected speech." *Id.* at 823, 836.[3]

---

[3] To the extent Plaintiffs attempt to compare section 727.8A to an eavesdropping statute, those comparisons are inapposite. Pltfs.' Br. 38. But Iowa's longstanding eavesdropping statute—that also criminalizes some recording of speech—is constitutional. *Reed v. Cedar Cnty.*, 2007 WL 509186, at *4 (N.D. Iowa Feb. 12, 2007) (citing *State v. Philpott*, 702 N.W.2d 500, 502–04 (Iowa 2005)).

8

Moreover, *PETA* limited its injunction as applied to the plaintiffs' "newsgathering activities," but refused to declare the statute facially unconstitutional as it may apply to some non-expressive, unprotected conduct, like "'placing . . . an unattended camera' in the CEO's office." *Id.* at 840–41 (internal citations omitted). Plaintiffs' interpretation of *PETA* as finding that placing an unattended camera is subject to First Amendment scrutiny as newsgathering declines to wrestle with *PETA*'s more nuanced explanation that placing such an unattended camera is sometimes "non-expressive, unprotected conduct." *Compare* Pltfs.' Br. 33 *with PETA*, 60 F.4th at 840–41. Particularly when dealing with thorny questions of whether a statute violates the Constitution, this Court should fully consider nuance as presented by its sister circuits.

Plaintiffs' attempt to embrace a categorical approach to the First Amendment is unavailing, as First Amendment jurisprudential nuances do not allow for categorical declarations that if "speech is an element of a prohibition, it requires First Amendment review." Pltfs.' Br. 35; *cf. PETA*, 60 F.4th at 823 (recognizing that "whole categories of speech can go unprotected"); *Goodwin*, 869 F.3d at 639 ("Specific criminal acts are not protected speech even if speech is the means for their commission.")

9

(quoting *Packingham v. North Carolina*, 582 U.S. 98, 107 (2017)). Instead, this Court should apply the presumption of constitutionality in determining whether section 727.8A intrudes on any constitutionally protected speech or conduct.

**B. Even if the First Amendment protects recording while trespassing, such protections are not unlimited.**

Even assuming the First Amendment protects recording while trespassing, multiple Circuits recognize that such protections are not absolute. For example, both *Animal Legal Defense Fund v. Kelly* and *Western Watersheds Project v. Michael*, recognized that individuals do not generally have a First Amendment right to record other people on their private property. *Animal Legal Def. Fund v. Kelly*, 9 F.4th 1219, 1236 (10th Cir. 2021); *Western Watersheds Project v. Michael*, 869 F.3d 1189, 1194 (10th Cir. 2017) ("*Western Watersheds I*"). Even though recording may contribute to speech, that does not overwhelm the property right to exclude interlopers.

So too here in the Eighth Circuit. In *Animal Legal Defense Fund v. Reynolds,* ("*ALDF I*"), this Court held that the First Amendment does not protect intentionally false speech undertaken to accomplish a legally

10

cognizable harm—such as trespass. 8 F.4th 781, 786 (8th Cir. 2021). It would be an incongruous reading of *ALDF I* to contend that the Eighth Circuit found the First Amendment does not protect intentionally false speech used to commit a trespass but still protects the subsequent recording made during that trespass. Indeed, *PETA*'s dissent critiqued the majority in that case for failing to recognize that "an interest in newsworthy information does not confer a First Amendment right to enter private property . . . and secretly record." 60 F.4th at 845 (Rushing, J., dissenting). The long and historic tradition of trespass as a common law crime belies this attempt to avoid punishment by also recording.

Even on private property open to the public, the use or placement of a camera or electronic surveillance device while committing a trespass is not protected by the First Amendment. *See Hudgens v. NLRB*, 424 U.S. 507, 521 (1976) (holding that the First Amendment does not protect picketing at a private shopping center, open to the public); *Lloyd Corp. v. Tanner*, 407 U.S. 551, 564–67 (1972) (holding that the First Amendment does not protect the distribution of handbills at a private shopping center, open to the public). Plaintiffs point out that Iowa Code section 727.8A is not limited to private property—a point on which the parties agree. Pltfs.'

11

Br. 38. They then try to contend that the potential for section 727.8A to criminalize recording on public property renders the entire law unconstitutional. But that argument goes too far.

The First Amendment does not grant Plaintiffs a right to commit a trespass and then use or place a camera or electronic surveillance device anywhere or anytime. Indeed, this Court has limited the public's right to record. *See Rice v. Kempker*, 374 F.3d 675, 678 (8th Cir. 2004) ("[N]either the public nor the media has a First Amendment right to videotape, photograph, or make audio recordings of government proceedings that are by law open to the public."); *see also Houchins v. KQED, Inc.*, 438 U.S. 1, 9 (1978) (holding reporters had no First Amendment right to bring and use television cameras and other cameras within a prison); *Poemoceah v. Morton Cnty.*, 2020 WL 8363156, at *10 (D. N.D. Dec. 29, 2020) (finding that the defendant "had no constitutional right to exercise his First Amendment rights, whether in terms of speech or in recording officers, at any location at issue while that area was under two mandatory evacuation orders").

Moreover, Plaintiffs' argument regarding the Constitutional right to record police officers or other public officials is at best only implied by

Appellate Case: 22-3464     Page: 19     Date Filed: 05/03/2023 Entry ID: 5272503

this Court's case law. *See Johnson v. McCarver*, 942 F.3d 405 414 (8th Cir. 2019) (Kelly, J., dissenting) (noting the Court has not decided the precise question of whether the defendant had a right to record and photograph the officers in the performance of their duties); *see also Robbins v. City of Des Moines*, 984 F.3d 673, 678 (8th Cir. 2021) (assuming without deciding that the defendant had a constitutional right to record the police). Given that Plaintiffs must show that a substantial amount of protected speech will be chilled to justify their preferred extraordinary remedy of setting aside section 727.8A as unconstitutional, it is unhelpful that much of the purportedly protected speech has never been declared protected by this Court.

In support, Plaintiffs proffer a hypothetical contending that "Iowa is no freer to regulate recording and trespass than it could pass a special burglary statute for perpetrators who espouse communist sentiments while entering a home" is inapposite. Consider a simple hypothetical— could Iowa make recording during a burglary a crime? Plaintiffs' argument protecting recording criminal activity as expressive conduct under the First Amendment would forbid such a venture. Indeed, Plaintiffs' argument for a categorical approach protecting all recording

13

under the First Amendment seemingly jeopardizes Iowa's "peeping tom" laws. *See* Iowa Code § 709.21. Even on its own terms, Plaintiffs' hypothetical anti-communist burglary statute is viewpoint discriminatory, and likely subject to strict scrutiny. Here, section 727.8A is content- and viewpoint-neutral, and subject to a lower, intermediate, level of scrutiny.

Because recording after committing a trespass or leaving a recording device is not speech protected by the First Amendment, Iowa Code section 727.8A does not prohibit speech in violation of the First Amendment.

## II. IOWA CODE SECTION 727.8A SATISFIES INTERMEDIATE SCRUTINY.

Plaintiffs conceded that, for purposes of summary judgment, and so for this appeal, intermediate scrutiny is appropriate. Pltfs.' Br. 41.[4] Indeed, that is the proper standard of review for statutes that do not

---

[4] Plaintiffs contend in a footnote that because they allege the legislative record will "establish" that section 727.8A is "content-based or viewpoint discriminatory" that it is subject to strict scrutiny. Pltfs.' Br. 41 n.9. They contend that the State "admitted the legislative record lacked evidence justifying the law." *Id.* Defendants have not admitted the legislative record lacked the evidence to justify the law, and Plaintiffs provided no citation to the record showing such admission.

14

impose content-based restrictions on speech. *United States v. Hart*, 212 F.3d 1067, 1073 (8th Cir. 2000). Even statutes that disproportionately affect one type of protesters may qualify as content neutral. *Id.*

To satisfy intermediate scrutiny, the State must only show that the law furthers an important or substantial government interest, the governmental interest is not related to suppressing free expression, and that the incidental restriction on alleged First Amendment freedoms is not greater than needed to further that interest. *United States v. Dinwiddie*, 76 F.3d 913, 924 (8th Cir. 1996) (citing *United States v. O'Brien*, 391 U.S. 367, 377 (1967)).

Plaintiffs try to put the cart before the horse, relying on out-of-circuit precedent, to argue that lack of evidence in the legislative record is "nonnegotiable." Pltfs.' Br. 41. By that, they mean to say that the statute's text alone cannot support its constitutionality. Thus, the Plaintiffs contend, section 727.8A fails intermediate scrutiny. This Court has not yet adopted the "legislative record" approach to statutory invalidation. *See Doe v. City of Minneapolis*, 898 F.2d 612, 617 (8th Cir. 1990) ("To have [such a] determination sustained against constitutional attack, a legislature is not bound to create an evidentiary record that

15

would pass muster on plenary judicial review of legislation's necessity and fitness to achieve desired results.") (citation omitted). Plaintiffs seem to believe that the only place to look to find a significant government interest or narrow tailoring is in legislative history. Pltfs.' Br. 42. But this Court has not found that to be the case and has not established such a nonnegotiable rule. *See Traditionalist Am. Knights of the Klu Klux Klan v. City of Desloge, Mo.*, 775 F.3d 969 (8th Cir. 2014) ("*TAK*").

In *TAK*, this Court found expert witness testimony in the record sufficient to justify the governmental need and narrow tailoring to uphold an anti-solicitation ordinance. *Id.* at 975. This Court did not hold that "expert" testimony was required to satisfy intermediate scrutiny. *Id.*; *see also Doe*, 898 F.2d at 618. Moreover, that expert testimony was not found in the "legislative record." Just because this Court previously found many sufficient ways for a defendant to justify the constitutionality of validly enacted statutes does not mean that any one of those means is required.

Here, Defendants identified two examples of trespass and subsequent recording that occurred in Iowa in the years before section 727.8A's adoption. Defs.' Br. 44 n.5; (App. 240; R. Doc. 34, at 20 n.4, 5).

16

Indeed, Plaintiffs' argument fails even on their own terms as the Iowa Senate explicitly debated an example of electronic surveillance trespass. That trespass occurred at an Iowa State Senator's farm and was referenced during the floor debate of H.F. 775. The Senate later enacted H.F. 775, which is now codified as Iowa Code section 727.8A. *Id.*; Iowa Senate Floor Debate of House File 775 (April 6, 2021), available at https://perma.cc/FT3B-YGTE, (9:08:36–9:08:48; 9:14:29–9:15:15).

Plaintiffs do not contest the State's desire to increase penalties for trespass—they merely prefer that the penalties affect all trespassers rather than being narrowly tailored to those simultaneously engaged in electronic surveillance. Pltfs.' Br. 43. Plaintiffs contend that the State has failed to "demonstrate that people who trespass and record are less likely to be deterred by a generic trespass law, or more likely to trespass than others." *Id.*; *cf. id.* at 10 ("Numerous ICCI members, including its member declarants—who have . . . even been charged with trespass . . .—will not participate in ICCI's actions involving recording because of § 727.8A's heightened penalties."). Plaintiffs thus contend that a broader increase in penalties to trespassers would survive constitutional muster, while the narrow attempt to punish electronic surveillance trespass fails. The State

17

sees the deterrent effect of its narrow statutory penalty as proof of success, not of constitutional infirmity.

Moreover, electronic surveillance trespass inflicts additional harms on the property owner beyond the loss of the right to exclude—it also infringes on property owners' right to privacy. *See Kelly*, 9 F.4th at 1251 (Hartz, J., dissenting) ("The right to privacy, which is one of the principal interests underlying trespass law, protects people from the disclosure of the truth about them."). Increasing the penalties for trespass alone does not address the separate concerns about invasion of privacy generated by recordings subsequent to a trespass and penalizes trespassers who had no further intent to record or invade the property owner's right to privacy.

Iowa Code section 727.8A is narrowly tailored to significant governmental interests, and is, therefore, constitutional.

## III. IOWA CODE SECTION 727.8A IS NOT OVERBROAD.

Iowa Code section 727.8A is neither overbroad nor vague.[5] A statute is "unconstitutionally overbroad if it 'reaches a substantial number of

---

[5] Plaintiffs argued below that section 727.8A was overbroad. But the District Court did not address that claim. (R. Doc. 23-1, at 17–18); (App. 273; R. Doc. 40). Given the complexity and number of issues here, Plaintiffs' overbreadth argument should be remanded to be considered by the District Court in the first instance. *See Loftness Specialized Farm*

impermissible applications.'" *Dinwiddie*, 76 F.3d at 913 (quoting *New York v. Ferber*, 458 U.S. 747, 771 (1982)); *see United States v. Williams*, 553 U.S. 285, 292–93 (2008). The overbreadth doctrine should be used only as a "last resort." *Ferber*, 458 U.S. at 769 (quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973)). Plaintiffs bear the burden of proving substantial overbreadth. *New York State Club Assn., Inc. v. City of New York*, 487 U.S. 1, 14 (1988). And this Court has skeptically applied the overbreadth doctrine to statutes that prohibit "only a limited range of activity" like recording while committing criminal trespass. *Dinwiddie*, 76 F.3d at 924.

## A. Iowa Code section 727.8A does not restrict protected speech under the First Amendment.

The use or placement of a camera or electronic surveillance device after committing a trespass is not speech protected by the First Amendment. Statutes that prohibit "a limited range of disruptive conduct" have a "*de minimis* effect on" a person's ability to express herself and thus are not overbroad. *Dinwiddie*, 76 F.3d at 928. Plaintiffs'

---

*Equipment, Inc., v. Twiestmeyer*, 742 F.3d 845 (8th Cir. 2014) (declining to "consider an issue, even though the parties argued it, because it 'was not decided below' and 'is a matter best left to the district court to consider in the first instance upon remand.'") (internal citations omitted).

19

characterization of the act of placing a recording device as "protected speech" rather than conduct is insufficient to support their overbreadth argument. *See Johnson v. Quattlebaum*, 664 F. App'x 290, 293 (4th Cir. 2016) (holding South Carolina's public disorderly conduct statute prohibiting the use of certain obscene or profane language reached only speech unprotected by the First Amendment, and was therefore not unconstitutionally overbroad); *United States v. Simpson*, 741 F.3d 539, 551 (5th Cir. 2014) (holding that a statute prohibiting aiding and abetting the transmission of spam, with an intent to deceive or mislead, only reached speech unprotected by the First Amendment because it only applies to intentionally misleading commercial speech, and was therefore not unconstitutionally overbroad). This Court should reject such an overbreadth challenge to section 727.8A

### B. Even if Iowa Code section 727.8A criminalizes some protected speech, the statute does not proscribe a substantial amount of protected speech in relation to its legitimate sweep.

Plaintiffs argue Iowa Code section 727.8A is unconstitutionally overbroad by listing a parade of horribles: a list of people that could be prosecuted for recording while engaging in criminal trespass and listing

20

different places those trespasses could occur. Pltfs.' Br. 49–51. Their invocation makes sense—to set aside a statute via a facial challenge in the First Amendment context, a law "may be invalidated as overbroad if 'a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'" *Josephine Havlak Photographer, Inc. v. Vill. of Twin Oaks*, 864 F.3d 905, 912 (8th Cir. 2017) (quoting *United States v. Stevens*, 559 U.S. 460, 473 (2010)).

But rather than proscribing a substantial amount of protected speech as Plaintiffs allege, section 727.8A primarily prohibits conduct and has only, at most, an incidental impact on speech. To violate section 727.8A, a person must also violate Iowa's criminal trespass statute codified as Iowa Code section 716.7. Iowa's criminal trespass statute generally prohibits entering property "with the intent to commit a public offense" and "remaining upon or in property without justification after being notified or requested to abstain from entering or to remove or vacate therefrom." Iowa Code § 716.7(2).

While it is possible to contrive a situation in which a person recklessly commits a trespass, there have been limited complaints about the criminal trespass statute's breadth. And as that is an element of

21

electronic surveillance trespass, Plaintiffs struggle to demonstrate beyond unlikely hypotheticals the potential overbreadth, if any, of Iowa Code section 727.8A. *See Dinwiddie*, 76 F.3d 928. And some Courts have even found more-than-incidental burdens on constitutional speech to survive intermediate scrutiny when addressing a valid government interest. *See United States v. Brune*, 767 F.3d 1009, 1018 (10th Circ. 2014) ("Thus, even where a fair amount of constitutional speech is implicated, we will not invalidate the statute unless significant imbalance exists"); *see also Project Veritas Action Fund v. Rollins*, 982 F.3d 813, 841 (1st Cir. 2020) (rejecting Project Veritas' overbreadth claim because, although plaintiff identified ten examples of applications that are unconstitutional, it failed to show that the unconstitutional applications are "substantial" relative to the extensive range of applications it does not even challenge). Under either method, the amount of constitutionally protected activity here that could be chilled by section 727.8A is minimal.

For Plaintiffs' hypothetical reporters, railroad hobbyists or business customers who seek to record alleged wrongdoing, their presence on private property or continued presence at the business after

being asked to leave is already a trespass under Iowa Code section 716.7. Regardless of a person's desire for information or photographs, the First Amendment does not allow information gatherers to disregard trespass laws. *See Branzburg v. Hayes*, 408 U.S. 665, 682–83 (1972) (recognizing "[a journalist] has no special privilege to invade the rights and liberties of others"). Here, Iowa Code section 727.8A essentially enhances the penalty for conduct already prohibited by law—using a camera on a railroad or public utility property without consent or at a business' property after being asked to leave but remaining thereon. *See* Iowa Code §§ 716.7; 727.8A. The legitimate sweep is narrow and targeted—and does not implicate overbreadth in "a substantial number of its applications." *Josephine Havlak Photographer, Inc.*, 864 F.3d at 912.

Even on Plaintiffs' strongest terms, an undercover investigator who used a camera to record while trespassing for news gathering purposes, and who was then prosecuted under section 727.8A, could bring an as-applied challenge. Any potential overbreadth can be adjudicated as applied and to be determined on a case-by-case basis. *See Golb v. Attorney Gen. of the State of New York*, 870 F.3d 89, 102 (2d Cir. 2017) (rejecting overbreadth challenge to criminal impersonation statute because the

statute had a substantial legitimate sweep, and any alleged overbreadth could be raised in an as-applied challenge); *see also Animal Legal Def. Fund v. Wasden*, 878 F.3d 1184, 1202 (9th Cir. 2018) (rejecting a claim that Idaho's agricultural trespass statute would apply to any undercover investigator who used false statements to obtain a job, noting the statute requires an intent to harm, and not every investigator intends to harm the employer, which is a "criminal element that requires proof.").

The electronic surveillance statute leaves open ample alternative channels for speech. The statute does not prohibit the recording or placement of a recording device without any underlying criminal trespass. Nor does the statute prohibit the publication of any recording. Accordingly, Iowa Code section 727.8A is not overbroad in violation of the First Amendment.[6]

---

[6] Even in *PETA*, where the Fourth Circuit concluded the statute was unconstitutional as applied to the plaintiffs' "newsgathering activities," the Court rejected the plaintiffs' overbreadth argument because there were legitimate applications of the statute, reserving "all other applications for future case-by-case adjudication." 60 F.4th at 839–41.

## IV. EVEN IF THIS COURT CONCLUDES IOWA CODE SECTION 727.8A RESTRICTS PROTECTED SPEECH IN VIOLATION OF THE FIRST AMENDMENT, THIS COURT SHOULD LIMIT ANY RELIEF AWARDED AND REMAND TO DETERMINE THE APPROROATE SCOPE.

Consistent with the Fourth Circuit in *PETA* and this Court's commitment to constitutional avoidance, if this Court determines Iowa Code section 727.8A restricts speech protected by the First Amendment, it should limit its remedy to the Plaintiffs, as determined by the District Court on remand. *See PETA*, 60 F.4th at 835–38 (discussing limiting relief to only plaintiffs' "newsgathering activities"); *Arkansas Times LP v. Waldrip*, 37 F.4th 1386, 1393 (8th Cir. 2022), *cert. denied*, 22-379, 2023 WL 2123748 (U.S. Feb. 21, 2023) (interpreting Arkansas' "law requiring public contracts to include a certification that the contractor will not 'boycott' Israel" to only apply to purely commercial, non-expressive conduct); *Baribeau v. City of Minneapolis*, 596 F.3d 465 (8th Cir. 2010) (to avoid a vagueness or overbreadth problem, this Court interpreted Minnesota's disorderly conduct statute to exclude expressive conduct that fell outside traditionally unprotected categories of speech).

The hypothetical and undefined methods Plaintiffs will use to access private property, to gain employment with a business, or to engage

25

in civil disobedience are amorphous. The potential places that Plaintiffs may criminally trespass to engage in their desired activity is similarly broad. Remanding to the District Court will allow that Court to craft an appropriate as-applied remedy. Remand as the appropriate result is bolstered by this Court's approach, like the Fourth Circuit's, that does not protect all recording activity as "protected speech" under the First Amendment. *See PETA*, 60 F.4th at 836 (explaining the narrow relief awarded by emphasizing the Fourth Circuit had not yet held "all recording is protected speech").

Finally, and most importantly, Plaintiffs have not challenged Iowa's general trespass law, Iowa Code section 716.7, which is an element of section 727.8A. This Court has held that one of the methods Plaintiffs use to obtain access or employment—intentional and materially false speech—is not protected speech and constitutes trespass. *ALDF*, 8 F.4th at 786.

Accordingly, any relief awarded to Plaintiffs should make clear the Court is making no determinations on what, if any, of Plaintiffs' methods to obtain access to the property where they undertake their recordings constitute trespass under section 716.7.

26

## V. PLAINTIFFS LACK STANDING AND THEIR AS-APPLIED CONSTITUTIONAL CLAIMS ARE NOT RIPE.

### A. Plaintiffs cannot satisfy the redressability element for standing.

Finally, this Court can resolve this case without reaching the merits because Plaintiffs do not have standing and their as-applied constitutional claims are not ripe. *See* Defs.' Br. 18–32. Focusing specifically on the redressability element of standing, Plaintiffs' erroneously assert that if a favorable decision will remedy their injury, they satisfy the redressability element. Pltfs.' Br. 22.

But their theory of redressability fails because even an injunction against section 727.8A still leaves Plaintiffs' behavior unlawful. An injunction setting aside section 727.8A as unconstitutional will not remedy Plaintiffs' harm because they will still be liable for criminal trespass. *See Advantage Media, L.L.C. v. City of Eden Prairie*, 456 F.3d 793, 801–02 (8th Cir. 2006) (holding that plaintiff failed to satisfy redressability requirement when challenging sign ordinances because plaintiff's proposed sign would still be unlawful under separate ordinances); *Harp Advert. Illinois, Inc. v. Village of Chicago Ridge, Illinois*, 9 F.3d 1290, 1292 (7th Cir. 1993) (finding no standing to

27

challenge a sign code's ban on off-premises signs where proposed sign also violated unchallenged zoning restrictions).

Plaintiffs do not and cannot challenge the constitutionality of Iowa's long-standing criminal trespass statute. *See ALDF I*, 8 F.4th at 786 (citing 3 William Blackstone, Commentaries *209). But they try to distinguish this authority on redressability by arguing that the plaintiffs in those cases did not challenge other aspects of the law. Pltfs.' Br. 22–23 & n.5. But that attempt to resolve redressability is a non-sequitur—Plaintiffs' behavior will remain unlawful under the criminal trespass statute regardless of this Court's disposition over section 727.8A.

Plaintiffs try to avoid that thorny redressability question by pointing to *Minnesota Citizens Concerned for Life v. Federal Election Comm'n*, 113 F.3d 129 (8th Cir. 1997) ("*MCCL*"), which explained standing exists when a party may be "a target or object" of government action. *Id.* at 131. But unlike in this case, *MCCL* did not involve a situation where its plaintiffs faced parallel criminal liability even if the Court granted an injunction. In *MCCL*, plaintiffs were seeking an injunction against a Federal Election Commission rule. *Id.* at 130. Prior to promulgating that rule, the Supreme Court held that the underlying

28

election statute violated the First Amendment. *FEC v. Massachusetts Citizens for Life, Inc.*, 479 U.S. 238 (1986). Subsequent laws in Minnesota created a similar framework that was challenged and found its way to this Court.

Unlike this case, existing injunctions prohibited government actors from enforcing the alternative provisions at issue in *MCCL*. So, while technically there were laws on the books that could have criminalized the *MCCL* plaintiffs' behavior, the only law for which they could be prosecuted without a change-in-law was the regulation at issue in that case. Here, even if enforcement of section 727.8A is enjoined against Plaintiffs, to the extent section 727.8A applied to Plaintiffs because their investigation or civil disobedience constituted a trespass, a separate law prohibiting their conduct exists—Iowa's general trespass law (Iowa Code section 716.7).

## B. This Court's ripeness conclusion in *Vaught* is distinguishable.

Plaintiffs' defenses to Defendants' ripeness arguments about the as-applied constitutional claims fair no better. Plaintiffs' reliance on *Animal Legal Defense Fund v. Vaught*, 8 F.4th 714 (8th Cir. 2021), is misplaced.

29

In *Vaught*, the plaintiffs identified two specific privately owned properties and the specific method by which the plaintiffs' agents would obtain access to that property. 8 F.4th at 718–21. Compare that with here, where the Plaintiffs generically state that they intend to protest or investigate by means that will violate section 727.8A. (App. 10–16; R. Doc. 1, at 8–14, ¶¶ 35–54).[7] And, in doing so, Plaintiffs continue to admit their intent to engage in law-breaking—violating Iowa's criminal trespass statute—but contend that the added punishment for electronic surveillance goes too far.

Should the Court determine Plaintiffs' as-applied claims are not ripe, the Court should reject Plaintiffs' request to remand the case to further develop evidence. Pltfs.' Br. 1–2. Plaintiffs had their opportunity to develop their "evidence" and plead sufficiently ripe claims before filing their Complaint. They then had another opportunity when they moved

---

[7] The District Court declined to grant Plaintiffs as-applied relief. Plaintiffs contend that this Court lacks jurisdiction to grant the State's request to dismiss their as-applied claims. Pltfs.' Br. 1–2. Yet Plaintiffs request this Court issue them as-applied relief. *Id*. at 52–54. Plaintiffs' request demonstrates how the as-applied claims and potential relief are sufficiently intertwined with the District Court's order and arguments on appeal to satisfy jurisdictional requirements.

Appellate Case: 22-3464     Page: 37     Date Filed: 05/03/2023 Entry ID: 5272503

for summary judgment. If Plaintiffs believe they have an as-applied challenge, they should sue on those grounds. *See Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 598 (3rd Cir. 1998); *S. Pacific Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 508 (9th Cir. 1990).

Plaintiffs cannot demonstrate ripeness for an as-applied challenge given the pre-enforcement posture of this case. Plaintiffs' reliance on *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) is misplaced. *Twombly* involved a class-action anti-trust claim, and the Supreme Court recognized that, at the pleading stage, plaintiffs' claim need only include "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." 550 U.S. at 556. Plaintiffs can develop additional evidence after dismissal and sue with more developed and specific as-applied claims if there happens to be any enforcement of section 727.8A that they believe runs afoul of the First—or any other—Amendment.

Accordingly, Plaintiffs do not have standing and their as-applied constitutional claims are not ripe.

31

## <u>CONCLUSION</u>

Appellants-Defendants respectfully request this Court reverse the District Court's September 26, 2022 ruling denying Appellants-Defendants' Motion to Dismiss and granting Plaintiffs' Motion for Summary Judgment and order the District Court to dismiss Plaintiffs' Complaint in its entirety.

Alternatively, this Court should vacate the District Court's injunction and remand to determine the appropriate limits of relief.

Appellate Case: 22-3464    Page: 39    Date Filed: 05/03/2023 Entry ID: 5272503

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume requirements limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because this brief contains 6234 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

This brief complies with the type-face requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point, Century Schoolbook font.

This brief has been scanned for viruses and is virus free.

*/s/ Jacob J. Larson*
JACOB J. LARSON
Assistant Attorney General

Appellate Case: 22-3464     Page: 40     Date Filed: 05/03/2023 Entry ID: 5272503

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, I electronically filed the foregoing paper with the Clerk of Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. All participants in this case are registered CM/ECF users and will be served by the CM/ECF system.

**DATE:** May 3, 2023

*/s/ Jacob J. Larson*
JACOB J. LARSON
Assistant Attorney General

## CERTIFICATE OF MAILING

I further certify that on May ___, 2023, I mailed by Fed Ex, postage prepaid, ten (10) copies of the foregoing paper to the Eighth Circuit Clerk of Court, and 1 copy thereof via U.S. Mail to the respective counsel for the Appellees:

Matthew Strugar
LAW OFFICE OF MATTHEW STRUGAR
3435 Wilshire Blvd., Ste. 2910
Los Angeles, CA 90010

Appellate Case: 22-3464    Page: 41    Date Filed: 05/03/2023 Entry ID: 5272503

David Samuel Muraskin
PUBLIC JUSTICE
1620 L Street, NW
Suite 630
Washington, DC 20036

Christine Ball-Blakely
Animal Legal Defense
525 Cotati Avenue
Cotati, CA 94931

Roxanne Barton Conlin
Devin C. Kelly
3721 SW 61st Street
Suite C
Des Moines, IA 50321

Tyler Abbott Lobdell
Food & Water Watch
3449 S. Norfolk Way
Boise, ID 83706

*/s/ Jacob J. Larson*

JACOB J. LARSON
Assistant Attorney General

Appellate Case: 22-3464   Page: 42   Date Filed: 05/03/2023 Entry ID: 5272503